IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN D. MOORE, #1422308, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:08-CV-1906-K |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for habeas corpus relief brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently confined at the Coffield Unit, of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID), in Tennessee Colony, Texas. Respondent is the Director of TDCJ-CID. The court has not issued process in this case, pending preliminary screening.

Statement of the Case: On February 16, 2007, Petitioner pled guilty to aggravated sexual assault of a child in the 204th District Court of Dallas County, in Cause No. F03-33008. (Federal Petition (Pet.) at 2). Punishment was assessed at 5 years imprisonment. (*Id.*).

Petitioner did not appeal, although he subsequently filed a motion for an out of time appeal, which the trial court denied.[1] (*Id.*).

On August 14, 2007, Petitioner filed a state habeas application pursuant to art. 11.07, Texas Code of Criminal Procedure. *See* No. W03-33008-A. On April 10, 2008, the trial court filed findings recommending that the petition be denied. Thereafter, on June 18, 2008, the Texas Court of Criminal Appeals (TCCA) dismissed the application for "non-compliance" with instructions to "return to sender." *See* No. WR-70,088-01. Petitioner alleges he first learned of the dismissal of his state application on procedural grounds in September 2008. (Pet. at handwritten attachment to ground 1). Moreover, as of the filing of this federal action, the state district court had not returned the non-complying art. 11.07 application to him. (*Id.*).

On October 27, 2008, Petitioner filed a pleading in this court styled: "Motion to Dismiss Case for Violation of the Rules, Procedures and Statutes in the 11.07 Writ of Habeas Corpus Process and for Violation of Right to Due Process of Law." Following the issuance of a deficiency order, Petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 on the court approved form. In three grounds, he alleges (1) the trial court violated art. 11.07 rules and procedures; (2) his retained trial counsel rendered ineffective assistance of counsel, and (3) his guilty plea was involuntary.[2]

---

[1] Thereafter, a jury convicted Petitioner in federal court of possession of child pornography, and shipping child pornography, and the court sentenced him to 240 months imprisonment. *See United States v. Moore*, No. 3:07cr125-O(01) (N.D. Tex. Jul. 11, 2008). A direct appeal is presently pending before the Fifth Circuit Court of Appeals. *See Moore v. United States*, No. 08-10645.

[2] For purposes of this recommendation, the petition is deemed filed on October 22, 2008, the date on which Petitioner signed and purportedly handed his "Motion to Dismiss" to prison officials for mailing.

Findings and Conclusions: This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which provides in pertinent part that a state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his claims. 28 U.S.C. § 2254(b) and (c) (West 2008); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *see also Rhines*, 544 U.S. at 274. Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus pursuant to Tex. Code Crim. Proc. art. 11.07. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

A review of the pleadings in this case reflects that Petitioner has not satisfied the exhaustion requirement. He did not appeal his conviction, and did not follow the correct procedure for seeking an out of time appeal.[3] While he subsequently filed an art. 11.07 writ, the

---

[3] *See Salinas v. Dretke*, 354 F.3d 425, 431 n. 7 (5th Cir. 2004) (noting that the appropriate vehicle for seeking an out-of-time appeal from a final felony conviction is by art. 11.07 writ of habeas corpus); *see also Jimenez v. Quarterman*, 2006 WL 5486932, *7 and n. 5 (N.D. Tex. 2006), *certificate of appealability denied*, 2007 WL 5022509 (5th Cir. 2007), *cert. granted*, No. 07-6984 (Mar. 18, 2008).

TCCA dismissed it as non-complying. Therefore, the TCCA has not considered the merits of the claims which Petitioner raises in this petition, and they remain unexhausted.

Relying on *Deters v. Collins*, 985 F2d 789 (5th Cir. 1993), Petitioner argues that the exhaustion requirement should not be applied in his case because the state trial court unreasonably delayed in processing his art. 11.07 writ, and the clerk of that court has yet to return the non-compliant writ to him in accordance with the TCCA's order of June 18, 2008. (Memorandum in Support, attached to Pet., at 11-15). In *Deters*, 985 F.2d at 795, the Fifth Circuit stated that an unjustifiable delay in processing a state habeas application can be grounds for excusing a petitioner from exhausting state remedies. *See also Johnson v. Roberts,* 95 F.3d 48, 1996 WL 405773, *2 (5th Cir. July 1, 1996) (per curiam) (unpublished) (same, citing *Deters*). "The inordinate delay exception requires that the delay in state review be *solely* attributable to inadequate state *procedure."* *Deters*, 985 F.2d at 795 (emphasis in original).

The ten-month period -- from the date Moore filed his state application, and the date on which it was dismissed -- does not constitute an inordinate delay in state habeas review. It appears the trial court delayed approximately three months before issuing an order designating issues. After the filing of the trial court's findings on April 1, 2008, the clerk did not immediately transmit a copy of the writ to the TCCA, delaying instead almost two months. The TCCA in turn issued its June 18, 2008 order dismissing the writ for non-compliance, within six days of receiving the writ from the trial court. *See* No. WR-70,088.

From the handwritten copies of the letters attached to the federal petition, it appears that Petitioner never received the standard "white card" from the TCCA, notifying him that the writ had been dismissed on procedural grounds. Nor did Petitioner receive a copy of the non-

complying writ from the Dallas County District Clerk. Moreover, in mid to late July 2008, following his federal conviction, Petitioner was transferred from the Federal Detention Center to TDCJ-CID, further delaying the matters in this case. On August 8, 2008, upon reaching his unit of assignment, Petitioner was first able to notify the state courts of his new address, and began soliciting information about the status of his state writ. It appears, that he did not learn of the dismissal of his state writ until September 18, 2008, when he received a letter from the TCCA notifying him that his writ had been dismissed as non-complaint in June 2008. As of October 26, 2008, he had not been successful in obtaining a copy of the non-complying state writ from the Dallas County District Clerk. Nor had he attempted to file a new, complying art. 11.07 application with the state trial court.

In light of the post June 18, 2008 events, the court cannot say that the delay in state review was *solely* attributable to inadequate state *procedure* as stated in *Deters*. Therefore, the exhaustion requirement should not be excused in this case.

Moreover, Petitioner may still bring his claims in state court. Since the TCCA dismissed his initial art. 11.07 application as non-compliant, Texas courts would not treat them as successive or time barred. *See Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) ("denial " signifies that court addressed and rejected merits of particular claim, while "dismissal " means that court declined to consider claim for reasons unrelated to claim's merits); *see also Spier v. Quarterman,* 278 Fed.Appx. 303, 307, 2008 WL 2037256, at *3 (5th Cir. May 13, 2008) (per curiam) (unpublished) (citing *Ex parte Thomas,* 953 S.W.2d 286 (Tex. Crim. App. 1997) (*en banc* ) (holding that second state application was not barred where TCCA had disposed of the first application "for reasons unrelated to the merits and never addressed the

5

merits of the grounds raised therein, [and thus] there was no final disposition of applicant's initial writ application"); *Ex parte Carrio,* 992 S.W.2d 486, 488-90 (Tex. Crim. App. 1999) (Texas imposes no time limits on applications for habeas relief, provided the time elapsed is not so long as to trigger application of the doctrine of laches)).

Federal law provides that an applicant who "has the right under the law of the State to raise . . . the question presented" has not exhausted his claims. 28 U.S.C. § 2254(c). Accordingly, the petition for a writ of habeas corpus should be dismissed without prejudice for failure to exhaust state court remedies.

The court cautions Petitioner that the 1996 amendment to the habeas corpus statute imposes a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this and any subsequent federal petition that he may file. Equitable tolling may be appropriate in a case in which the petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Lawrence v. Florida*, 549 U.S. 327, ___, 127 S.Ct. 1079, 1085 (2007). Therefore, Petitioner should act diligently and expediently in seeking habeas corpus relief in both state and federal court.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED without prejudice for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c).

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 2nd day of December, 2008.

*/s/ Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.